### CINCINNATI TRACTION CO. v. LOUIS KROGER.

1. DRIVING ALONG STREET CAR TRACK IS·NEGLIGENCE, WHEN.

Although it is not itself negligence to drive a wagon along a street railway track in the direction traveled by the cars, it becomes such if the evidence shows that it was needless, and that the driver failed to keep a proper lookout when he knew a car was about due.

[For other cases in point, see 6 Cyc. Dig., "Negligence," §§ 266-427; 7 Cyc. Dig., "Street Railways," §§ 534-548.—Ed.]

2. INSTRUCTIONS SHOULD BE CONFINED TO THE ISSUES.

Where the allegations in a petition do not warrant the application of a rule of law, it is error for the court to charge the jury upon the same.

[For other cases in point, see 2 Cyc. Dig., "Charge to jury," §§ 318-381.—Ed.]

3. CHARGE AS TO CONTRIBUTORY NEGLIGENCE.

In a personal injury action it is error to charge without qualification that, "the burden of proving contributory negligence of plaintiff is upon the defendant."

[For other cases in point, see 6 Cyc. Dig., "Negligence," §§ 762-781.—Ed.]

Traction Co. v. Kroger.

Error to Hamilton common pleas court.

**G. P. Stimson,** for plaintiff in error.

**J. R. Jordan** and **Geoffrey Goldsmith,** for defendant in error..

GIFFEN, J.

Although it is not in itself negligence to drive a wagon along a street railway track in the direction traveled by the cars, it becomes such if the evidence shows that it was needless, and that the driver failed to keep a proper lookout when he knew a car was about due.

The driver in this case, who was an employe of the plaintiff, testified that he had driven about three hundred feet at a slow trot without looking back, that there was no reason why he could not have driven on the left track or on the left side of the road, "only it ran much easier on the tracks than it did at the sides," nor any reason why he could not have looked oftener for an approaching car.

This raised a presumption of contributory negligence which was not removed by plaintiff's testimony. The testimony of the defendant tended to prove that the wagon was in the left track, and suddenly turned into the right track a moment before being struck by the car,. which makes the statement, which was undisputed by the plaintiff's testimony, a disputed fact.

No motion was made at the conclusion of plaintiff's evidence; hence this court cannot now say as matter of law that the plaintiff's driver was guilty of contributory negligence.

There is no allegation in the petition of such negligence of the defendant as warrants the application of the rule of "last chance;" hence the court erred in charging the jury upon this doctrine both in the general charge and in special instruction number three. *Drown v. Traction Co.* 76 Ohio St. 234 [81 N. E. Rep. 326; 10 L. R. A. (N. S.) 421;. 118 Am. St. Rep. 844].

The court erred also in charging the jury without qualification that, "The burden of proving contributory negligence on the part of the plaintiff's driver is upon the defendant."

In answer to a question by the foreman of the jury after their retirement the court charged as follows:

"A motorman who runs his car at an unusually fast rate of speed on a dark and rainy night under the circumstances of *every particular case* is guilty of negligence; and if such negligence directly or proximately causes injuries, the traction company is liable."

This was too broad and should have been confined to the circumstances of this particular case, nor is it sound as a general proposition of law, for the rain and slippery track on a down grade or other cir-

Hamilton County.

·cumstance beyond the control of the motorman may have caused the unusual speed.

The trial judge might well have set the verdict aside because not ·sustained by sufficient evidence, but this is not so manifest as to require this court to reverse the judgment.

For the errors above stated the judgment will be reversed and the ·cause remanded for a new trial.

**Swing** and **Smith, JJ.,** concur.